IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE R. GAINEY,

    Plaintiff,

vs.                                            Case No. 5:04cv240-RH/WCS

CAMPO ELECTRONICS,
APPLIANCES & COMPUTERS, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a Title VII action. Several orders have been issued to the *pro se* Plaintiff attempting to determine when the events at issue took place, when Plaintiff's employment was terminated by the Defendant, when Plaintiff submitted the charging documents to the EEOC and the Florida Commission on Human Relations, and when Plaintiff received his Right to Sue letter. Docs. 3, 15, 16, and 18. Most recently, Plaintiff was given until October 14, 2005, to submit the required documentation demonstrating when he filed his charge of discrimination with the EEOC. Doc. 18. Plaintiff was advised that no further extensions of time would be provided to comply with the directions. *Id.*

Plaintiff has submitted a response, doc. 19, to that order. Plaintiff's response is unsigned, does not provide the documentation requested, and does not explain the administrative proceedings in a meaningful way. Doc. 19.

Plaintiff initiated this action by filing a Title VII complaint on September 23, 2004. Doc. 1. On November 3, 2004, an order was entered requiring Plaintiff to file an amended complaint. Doc. 3. That order noted that Plaintiff did not provide any of the relevant dates to support his claims. *Id.*, at 1. Beyond requiring Plaintiff to identify when he was terminated by Defendant, Plaintiff was also ordered to "state when he received the right to sue letter" and Plaintiff was required to "attach a copy of the document to the complaint." *Id.*, at 1-2. Additionally Plaintiff was ordered to provide a "copy of the charging document he filed with the EEOC and the Florida Commission on Human Relations." *Id.*, at 2. When Plaintiff did not timely comply with that order, a report and recommendation was entered, doc. 4, then vacated, doc. 8, and Plaintiff requested additional time to obtain the documents from the EEOC. Docs. 5, 7.[1] Plaintiff's motion for a continuance was filed on January 18, 2005. Doc. 7.

On February 7, 2005, Plaintiff filed his amended complaint. Doc. 10. Attached to the pleading was a Right to Sue letter from the EEOC containing a stamp showing a mailing date of January 11, 2005. *Id.* The top of the document includes language showing the notice of Right to Sue was "issued on request." *Id.,* at 16. Service was directed, doc. 12, and the letter which was received in response, doc. 14, raised several

---

[1] It is likely that Plaintiff did not yet have an EEOC Right to Sue letter at the time he requested the extension of time. *See* doc. 7.

troubling issues.[2]  The letter explained that the Defendant Corporation went into Chapter 11 bankruptcy proceedings prior to August of 1997, and that the individual served with the complaint for the Defendant corporation, Michael Ware, had not been with the company for nearly seven years.  Doc. 14.  The company's bankruptcy case was converted into a Chapter 7 liquidation case in November of 1998.  *Id.*[3]

The letter, doc. 14, prompted additional review of this case which, in turn, resulted in an order explaining to Plaintiff that under 42 U.S.C. § 2000e-5(e)(1), a charge of discrimination must be filed within three hundred days.  Doc. 16, p. 2.  Due to the dates of alleged discrimination (Plaintiff was terminated on or about February 23, 1996), Plaintiff "would have had to file the charging document with the EEOC by January of 1997."  *Id.*, at 3.  Plaintiff was ordered again to file a copy of the charging document he filed with the EEOC.  Doc. 16.  He was informed that he had failed to comply with a prior order to do so, and advised that failure to do so a second time would not be excused.  *Id.*, at 3.

---

[2] The subsequent court order noted for Plaintiff that the letter was "ineffective as a response to the amended complaint."  Docs. 15, 16.  (Documents 15 and 16 are identical, but the order was erroneously filed twice, once on August 2nd, doc. 15, and again on August 3rd, doc. 16).

[3] Judicial notice is taken that "[o]n June 4, 1997, Campo filed for protection under Chapter 11 of the Bankruptcy Code . . . ."  Campo Electronics, Inc. v. Ross, 247 B.R. 646, 649 (E.D. La. 1998).  Included in the letter, doc. 14, was a notice that the Bankruptcy Court for the Eastern District of Louisiana converted "the 1997 Chapter 11 case of Campo Electronics, . . . case number 97-13057, to a case under Chapter 7 of the Federal Bankruptcy Code" and a Trustee was appointed.  *Id.*, at 3; *see also* Case Number 97-13057, doc. 1051.  Judicial notice is taken that the Chapter 7 Bankruptcy proceedings were closed in October of 2003 after the Trustee's filing of the "final account of distribution and application for closing and discharge."  Doc. 1499, case number 97-13057.

Case No. 5:04cv240-RH/WCS

The copy of the EEOC's Right to Sue letter presented by Plaintiff showed a mailing date of January 11, 2005.  Doc. 10.  Assuming that Plaintiff timely filed a charge of discrimination by January of 1997, it is improbable that it took the EEOC eight years to investigate Plaintiff's claim.  *See* doc. 16.  Plaintiff was specifically and clearly ordered to "provide some explanation as to why it took eight years to receive a Right to Sue letter from the EEOC."  *Id.*, at 4.

Plaintiff did not file a reply to the Court order; rather, Plaintiff filed a "reply to Defendant's response" on August 8, 2005.[4]  Doc. 17.  That document states that Plaintiff filed his discrimination charge "with the State of Florida Commission on Human Relations and the United States EEOC in 1996, prior to any bankruptcy filing by Campo Electronics."  Doc. 17, p. 1.  Plaintiff did not submit copies of the charging document, however.

Plaintiff did submit a copy of an order from the Commission on Human Relations, dated February 22, 2001, which noted that the Division of Administrative Hearings had closed Plaintiff's case in October of 2000 because the parties failed to "file a case status report."  Doc. 17, p. 2.  Moreover, the order noted that the case file included an exhibit revealing the respondent had filed for protection under the Bankruptcy Code.  *Id.*  The Commission then ordered the case "ABATED until such time as one of the parties receives from the bankruptcy Court relief from the above-referenced stay or until such

---

[4] Monday, August 8, 2005, was just five days after issuance of the Order to Show Cause, doc. 16, on August 3, 2005, a Wednesday, and it is possible that Plaintiff had not yet received the order by the time he filed his response, doc. 17.  Indeed, in Plaintiff's most recent filing he states that his response "crossed in the mail with the Court Order . . . ."  Doc. 19.

Case No. 5:04cv240-RH/WCS

time as the stay is lifted."  *Id.*  Nothing else has been filed by Plaintiff to indicate that the case was ever revived after February of 2001.

Finally, on September 23, 2005, another order was entered noting Plaintiff *still* had not filed the documents as ordered.  Doc. 18.  Plaintiff was reminded that he was previously ordered to provide copies of the charging documents and "demonstrate through documentary evidence that he timely filed his claims with both the EEOC and the Florida Commission."  *Id.*  Plaintiff was advised that he would be given only one final opportunity to comply with the three prior orders requiring submission of the documents.  *Id.*

Plaintiff's most recent filing, doc. 19, is in response to that order.  Doc. 18.  Plaintiff states that he has attached "the papers requested by the Court."  Doc. 19.  Plaintiff did not do so.  Plaintiff submitted one page of a memorandum issued by Investigator George Bowen.  Doc. 19, p. 3.  The remainder of the document was not submitted.  The document is dated November 24, 1999, and presents a "No Cause" determination.  *Id.*  The document also states that Plaintiff's "complaint of discrimination was filed in a timely manner, and all requirements for coverage have been met."  *Id.*  This tends to show that a charge of discrimination was timely filed with the EEOC and the FCHR, assuming that this document comes from the latter agency, but that still cannot be determined without looking at the charge itself.

Plaintiff also submitted an initial order from the Florida Division of Administrative Hearings.  Doc. 19, p. 4.  This shows that formal administrative proceedings commenced before that agency.  Plaintiff also submitted a copy of his "petition for relief" which he apparently filed with the Florida Commission on Human Relations, which

probably was referred for a hearing to the Division of Administrative Hearings, but this copy is unsigned, undated, and does not satisfy the requirements of the prior four orders.  It is judicially noted that the Division of Administrative Hearings website shows that a petition was filed there on April 27, 2000.

The court still does not have the charge of discrimination that Plaintiff filed with the EEOC and the FCHR.  This is a critical document, as explained above.  The EEOC, the Florida Commission on Human Relations, and the Florida Division of Administrative Hearings all maintain case files.  Copies of the documents in those case files can be obtained by the person who filed the charge of discrimination.  Plaintiff has presented no reason why he could not have obtained a copy of the charge of discrimination he filed with the EEOC and the FCHR.

Plaintiff was clearly informed in the last order, doc. 18, that it would be his "*final opportunity* to comply with the order to show cause."  No further opportunities should be provided and this case should be dismissed.  More than a year has now passed since Plaintiff initiated this lawsuit and he has had ample time to provide a copy of the initial charging document.  The case should be dismissed for failure to comply with court orders.

The case also should be dismissed because Defendant Campo Electronics, Appliances and Computers, Inc., is no longer in business and the Bankruptcy proceedings have ended.  Plaintiff cannot obtain any monetary relief, or reinstatement of position, even if he were able to demonstrate the timely and appropriate exhaustion of administrative remedies and prevail on his allegations of discrimination.

Case No. 5:04cv240-RH/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to comply with court orders and for failure to state a claim upon which relief may be granted because there is no relief available to Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2005.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**